United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN J. CHAN, | No. C 08-4399 MMC (PR) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| M.S. EVANS, Warden, | |
| Respondent. | |

On September 19, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons set forth below, the Court finds the petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

**BACKGROUND**

In 2000, in the Superior Court of Santa Clara County, petitioner pleaded guilty to numerous felonies. He was sentenced to a term of twenty-two years in state prison. After petitioner's state collateral challenges to his conviction and sentence were denied, petitioner, who was represented by counsel, filed, in 2003, a federal habeas corpus petition in this district. See Chan v. Lamarque, No. C 03-1156 (MMC). After full briefing by the parties, the Court denied the petition on the merits, finding: (1) petitioner's due process rights were not violated when he admitted to having suffered prior convictions, and (2) petitioner did not

receive ineffective assistance of counsel with respect to counsel's advice concerning the prior-conviction allegations and the consequences of petitioner's guilty plea. See id. (Order Denying Petition for Writ of Habeas Corpus, filed Apr. 9, 2004). Subsequently, both this Court and the Ninth Circuit denied petitioner's requests for a certificate of appealability. See id. Docket Nos. 26 & 31.

By the instant petition, petitioner claims the sentence he received in 2000 violates state law because the sentence was enhanced with a prior prison term to which the "Five-Year Washout" provision of California Penal Code section 667.5(b) should have been applied. In particular, although Penal Code section 667.5 provides that a prison term for a new offense may be enhanced where the defendant has served a prior prison term, under subsection (b), "no additional term shall be imposed . . . for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." Cal. Penal Code § 667.5(b). Petitioner claims the five-year provision should have been applied to the time period following his discharge from parole in 1988. (Pet. at 6.)

## DISCUSSION

Where a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 has been presented in a prior petition, such claim must be dismissed. 28 U.S.C. § 2244(b)(1). Where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim likewise must be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. Id. § 2244(b)(2). Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain from the Court of Appeals an order authorizing the district court to consider the petition. Id. § 2244(b)(3)(A).

1  The instant petition presents a claim challenging the sentence that was the subject of
2  petitioner's prior federal habeas corpus petition. Consequently, petitioner may not proceed
3  with such claim until he has sought or obtained an order from the Ninth Circuit Court of
4  Appeals, authorizing him to file a second or successive petition in the district court.
5  Accordingly, the instant petition will be dismissed without prejudice to petitioner's refiling
6  the petition if he obtains the necessary order.

## CONCLUSION

8  For the reasons stated above, the petition is hereby DISMISSED, pursuant to 28
9  U.S.C. § 2244(b) and without prejudice, as a second or second successive petition.
10 The Clerk shall close the file.
11 IT IS SO ORDERED.
12 DATED: November 3, 2008

MAXINE M. CHESNEY
United States District Judge

3